IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

PLACID REFINING CO., L.L.C.,  )
                                     )
    Plaintiff,             )
                                     )   CIVIL ACTION NO.
    v.                           )    2:11cv117-MHT
                                     )       (WO)
TRAILER SALES, INC.,      )
HI-RIDGE TRANSPORT, INC.,  )
and KENDRICK RAY MCCULLOUGH,)
                                   )
    Defendants.           )

OPINION

Plaintiff Placid Refining Co., L.L.C. filed this lawsuit against defendants Trailer Sales, Inc., Hi-Ridge Transport, Inc., and Kendrick Ray McCullough, bringing state claims arising from Trailer Sales' alleged failure to pay for goods ordered and received from Placid Refining.  Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).  This lawsuit is now before the court on Placid Refining's motion for default judgment against Hi-Ridge Transport and McCullough.  Placid Refining has not moved the court to enter a default judgment against

Trailer Sales, which is currently engaged in bankruptcy proceedings.  Placid Refining requests damages against Hi-Ridge Transport and McCullough jointly in the amount of $ 695,142.05, plus post-judgment interest.  Placid Refining also seeks the additional sum of $ 93,448.33 against Hi-Ridge Transport, plus pre-judgment interest.

This case concerns a credit agreement entered into by Placid Refining and Trailer Sales, under which Placid Refining agreed to sell refined petroleum products to Trailer Sales.  According to Placid Refining, Trailer Sales has failed to pay for delivered petroleum products, despite repeated demands for payment. As stated, Trailer Sales is currently engaged in bankruptcy proceedings.  On April 4, 2011, Trailer Sales listed Placid Refining's claim as undisputed in a bankruptcy filing titled "Schedule F - Creditors Holding Unsecured Nonpriority Claims."  Mot. Default J. Ex. B (Doc. No. 23-3). Pursuant to a corporate guaranty, Hi-Ridge Transport is liable to Placid Refining for payment of all indebtedness

of Trailer Sales, including interest and late fees, as well as reasonable attorneys' fees and costs. In addition, pursuant to a personal guaranty, McCullough is liable to Placid Refining for the purchase price of petroleum products sold and delivered.

Placid Refining perfected service of an alias summons and amended complaint on both Hi-Ridge Transport and McCullough on March 28, 2011. See Proofs of Service (Doc. Nos. 14 & 15). The clerk of the court entered default against Hi-Ridge Transport and McCullough on April 25, and Placid Refining submitted the instant motion for default judgment against both defendants on May 9. On May 12, the court ordered that "Hi-Ridge Transport, Inc. and Kendrick Ray McCullough show cause, if any there be, in writing by May 23, 2011, as to why Placid Refining Co., L.L.C.'s motion for default judgment should not be entered against them." Order at 1 (Doc. No. 24). The court "informed [them] that if they fail[ed] to respond within the time allowed, the motion

3

will be granted as requested." Id. The May 23 deadline has come and gone without a response from either defendant.

As stated, Placid Refining requests damages against Hi-Ridge Transport and McCullough jointly in the amount of $ 695,142.05, plus post-judgment interest. Placid Refining calculates this amount as follows:

| Principal amount due to plaintiff | $ 694,692.05 |
| Court costs | 450.00 |

Also as stated, Placid Refining seeks the additional sum of $ 93,448.33 against Hi-Ridge Transport, plus pre-judgment interest on the principal amount accruing between May 1, 2011 and the date of judgment. Placid Refining calculates this amount as follows:

| Interest and late fees as of May 1, 2011 | 30,829.43 |
| Attorneys' fees as of April 30, 2011 | 42,618.90 |
| Anticipated future attorneys' fees to be incurred in collection of judgment | 20,000.00 |

"[J]udgment of default awarding cash damages [may] not properly be entered without a hearing unless the

4

amount claimed is a liquidated sum or one capable of mathematical calculation.  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (internal quotations and citations omitted).  Placid Refining has not provided an accounting for its anticipated future attorneys' fees, which it asserts will be incurred in collection of the judgment, and indeed cannot provide such an accounting at this time.  Further, Placid Refining has cited no authority for the proposition that a plaintiff may be entitled to an award of hypothetical, future attorneys' fees.  Therefore, the court will not award the $ 20,000 that Placid Refining requests for these fees.

As detailed in the factual background provided above, Hi-Ridge Transport and McCullough were each served with an alias summons and amended complaint; failed to respond

to the summons and complaint within the time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against them.  Accordingly, this court is of the opinion that Placid Refining's motion for entry of default judgment should be granted and that judgment of default as to the amount requested minus future attorneys' fees should be entered against Hi-Ridge Transport; and that judgment of default as to the amount requested should be entered against McCullough.

    A judgment will be entered in accordance with this opinion.

    DONE, this the 30th day of June, 2011.

                                       /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE